UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 3 0 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ANTHONY L. DAVIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-04-4472 |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| M.D. ANDERSON CANCER CENTER, | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This case was referred to this court for management (Dkt. 6). Before the court is The University of Texas M.D. Anderson Cancer Center's (M.D. Anderson's) Partial Motion to Dismiss (Dkt. 3). M.D. Anderson filed this motion on December 28, 2004, but Anthony L. Davis has not filed a response. Under Rule 7.4 of the Local Rules of the Southern District of Texas, failure to respond to a motion will be taken as a representation of no opposition.

M.D. Anderson's motion is well-founded. Davis's state common law tort claims are barred by the Eleventh Amendment because M.D. Anderson is an arm of the state,[1] and these claims do not fall within the scope of the state's waiver of immunity under the Texas Tort Claims Act.[2] Therefore, the court recommends that M.D. Anderson's partial motion to dismiss (Dkt. 3) be GRANTED, and

---

[1] *Texas ex rel. Bd. of Regents of Univ. of Texas System v. Walker*, 142 F.3d 813, 820 and n.10 (5th Cir. 1998) (holding that The University of Texas Health Science Center and its Board of Regents are entitled to Eleventh Amendment immunity).

[2] TEX. CIV. PRAC. & REM. CODE § 101.021 (creating waiver of immunity as to certain negligence claims), and § 101.57(2) (exempting intentional torts from any waiver of immunity); *City of Garland v. Rivera*, 146 S.W.3d 334, 338 (Tex App. – Dallas, 2004, no pet.) (holding that there is no waiver of immunity for intentional torts or claims for negligent hiring and supervision).

Davis's claims for intentional infliction of emotional distress, negligence, negligent hiring, supervision, training, and retention, and slander be DISMISSED.

The parties have ten (10) days from receipt of this Memorandum and Recommendation to file written objections. *See* FED. R. CIV. PRO. 72.

Signed at Houston, Texas on March 30, 2005.

Stephen Wm. Smith
United States Magistrate Judge